# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : CRIMINAL ACTION NO. |
| | : 1:03-cr-00659-JOF-ECS-1 |
| EDWARD WILLIAMS, | : |
| | : |
| Defendant. | : |

## ORDER

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [66]; Petitioner's motion for release from custody [74]; the Report and Recommendation of Magistrate Judge E. Clayton Scofield III [114]; and Petitioner's objections thereto [116].

The procedural history of this case is labyrinthine. On June 7, 2004, Petitioner, represented by counsel Leroy Johnson, pled guilty to conspiracy to possess with the intent to distribute at least five kilograms of cocaine. Petitioner's plea agreement contained an appeal waiver which stated "[t]o the maximum extent permitted by federal law, [Petitioner] voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except [Petitioner

could] file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range" or file an appeal if the Government appealed.

In April 2005, Petitioner's first sentencing hearing was held. By this time, Petitioner was also represented by Bruce Harvey. At this hearing, Mr. Harvey argued that the drug quantity should only be that for marijuana because Petitioner had pled guilty to a marijuana conspiracy. The court disagreed with this viewpoint and granted a continuance so Petitioner could determine whether he wanted to withdraw his guilty plea.

Subsequently, Mr. Harvey moved to withdraw as counsel on May 17, 2005, and Mr. Johnson moved to withdraw on June 14, 2005. The court granted both of these motions and on July 13, 2005, R. Gary Spencer was appointed to represent Petitioner at sentencing. Petitioner did not file a motion to withdraw his guilty plea and appeared with Mr. Spencer for sentencing on January 17, 2006. The court sentenced Petitioner to 300 months imprisonment. Petitioner did not file a direct appeal.

As the court explained in its order of January 4, 2008, Petitioner raised a variety of claims in his *pro se* § 2255, including ineffective assistance of counsel for failure to file an appeal, the court erred in denying him counsel of his own choosing, and that his guilty plea was unknowing and involuntary. Based on Petitioner's contentions, the court determined that it would be beneficial to have an evidentiary record on Petitioner's interactions with his various counsel both at the time he pled guilty and at sentencing. The case was referred to

2

Magistrate E. Clayton Scofield III and Robert H. Citronberg was appointed to represent Petitioner. Due to a conflict, Mr. Citronberg was replaced with Albert Norton.

**Failure to Appeal**

Magistrate Judge Scofield held an evidentiary hearing on December 21, 2010, during which Mr. Johnson and Mr. Spencer testified as to their representation of Petitioner. Petitioner also testified. Thereafter, both parties filed post-hearing briefs. Magistrate Judge Scofield then issued the instant Report and Recommendation on August 23, 2011. Magistrate Judge Scofield determined based on Mr. Spencer's testimony and the evidence put in the record by Petitioner that Petitioner had proffered sufficient evidence from which it could be concluded that he had asked Mr. Spencer to file an appeal and Mr. Spencer failed to do so. Mr. Spencer testified that he simply could not recall whether Petitioner had ever requested an appeal. Petitioner, on the other hand, submitted a letter written to Mr. Spencer on January 22, 2006, in which Petitioner asked Mr. Spencer to file an appeal. He also proffered the affidavit of his mother in which she stated that she attempted to contact Mr. Spencer on Petitioner's behalf in order to file an appeal. *See* Report and Recommendation, dated August 23, 2011, at 9-11.

The Government's only argument on this point is that Petitioner's testimony is not credible. But even the Government admits that whether Petitioner directed Mr. Spencer to file an appeal is a matter of fact that must be determined by the court and if the court

AO 72A
(Rev.8/82)

determines that Petitioner asked for an appeal to be filed, the only remedy would be a re-imposition of the sentence so that Petitioner would have an opportunity to pursue an appeal.

The court agrees with Magistrate Judge Scofield that Petitioner presented sufficient evidence to show by a preponderance of the evidence that he requested that Mr. Spencer file an appeal and that Mr. Spencer did not do so. The only question becomes what remedy should Petitioner receive as a result of this finding.

Based on the fact that the Magistrate Judge determined that Petitioner was entitled to relief on the grounds that Mr. Spencer did not file a notice of appeal as requested by Petitioner, Magistrate Judge Scofield recommended that the court follow the procedure outlined in *McIver v. United States*, 307 F.3d 1327 (11th Cir. 2002) and *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). That is, "[w]hen a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the § 2255 remedy is to put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal." *McIver*, 307 F.3d at 1331. "We think the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal." *Id.* at 1332 n.2.

The *McIver* court went on to state:

There are significant inefficiencies to any other approach. If the district court were to deny a collateral claim under a different standard of review than applies on direct appeal, then the defendant might be entitled to relitigate the same claim in his reinstated direct appeal. Moreover, both the government

4

> and the petitioner could pursue collateral appellate proceedings on other
> claims that the outcome of the direct appeal might render unnecessary.

*Id.*

Petitioner objects to this process, however, arguing that rather than being the most efficient manner in which to proceed, holding in abeyance the resolution of the collateral claims would not serve judicial economy because Petitioner's arguments concerning quantity of drugs attributed to him at sentencing would remain pending. Petitioner believes that it would be most efficient to resolve this issue prior to allowing Petitioner to appeal.

Not surprisingly, both parties have an interest in the procedure they advocate. In all aspects, but one, the court agrees with the assertion of Petitioner's counsel that the Government would prefer to proceed directly to the appeal process because as described above, Petitioner has signed a waiver of both direct and collateral appeal. The Government hopes, therefore, to convince the Court of Appeals that any appeal Petitioner may file is fruitless in light of the waiver. Petitioner's counsel believes this would pointlessly extend the process because even if Petitioner's direct appeal were denied due to the appeal waiver, Petitioner's counsel feels that Petitioner could then be "right back at square one with a new § 2255 complaint over the drug quantity issue." *See* Objections, at 8. The court is not so certain it would play out in this manner as the appeal waiver extends to collateral review, but the court need not decide that issue now.

5

And from Petitioner's point of view, the court understands why he desires to have this court rule that his base offense level should have been four levels lower than that to which he was sentenced. That result would probably be the most Petitioner could hope for. The court has found nothing persuasive in the record, including a review of the evidentiary hearing held before the Magistrate Judge, which would indicate that Petitioner ever realistically intended to go to trial. It is entirely possible that if the court ruled the re-sentencing should be based on the offense level of 34, no further appeals would be taken in this case.

In the end, the court finds that Magistrate Judge Scofield's view of the matter strikes the most appropriate balance. He wrote that

> a valid appeal waiver may foreclose any claim regarding counsel's effectiveness at sentencing, *Williams v. United States*, 396 F.3d 1340, 1341-42 (11th Cir. 2005), and here, a direct appeal may be informative as to whether Movant's guilty plea and appeal waiver are valid or invalid. Movant's claims regarding the validity of his guilty plea (for reasons other than ineffective assistance of counsel) are properly raised for the first time on direct appeal, and it would be premature to review them at this time. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.").

Report and Recommendation, at 14-15.

Therefore, the court finds nothing to fault in Magistrate Judge Scofield's recommendation that Petitioner be re-sentenced in the manner instructed in *United States*

AO 72A
(Rev.8/82)

*v. Phillips* so that Petitioner will have an opportunity to file an appeal. The court adopts the Report and Recommendation of the Magistrate Judge as the order of the court with respect to Mr. Spencer's alleged failure to file an appeal.

**Remaining Matters**

In the period of time after Mr. Citronberg was permitted to withdraw and Mr. Norton filed a notice of appearance, Petitioner filed a *pro se* motion for release from custody in which he asserted various claims, such as the court and his attorneys have violated his civil rights under a treaty between Pope Innocent III and King John; the district court sold the indictment under the Unfirm Commercial Code; that the United States is under military occupation by conquering foreign creditors; and other similarly fruitless charges. The Magistrate Judge recommended that this motion be denied as none of the grounds warranted Petitioner's release from custody. No party has filed objections to this portion of the recommendation and the court adopts it as the order of the court.

In accordance with Rule 11 of the Rules Governing § 2255 Cases, Magistrate Judge Scofield also recommended denying a certificate of appealability because he recommended granting Ground One of Petitioner's application and denying without prejudice the remaining claims. No party filed an objection to this recommendation, and the court adopts it as the order of the court.

**Conclusion**

In accordance with the instructions in *Phillips*, the court:

(1) vacates the criminal judgment in this case;

(2) reimposes the sentence imposed by this court on January 17, 2006, with appropriate credit for time served; and

(3) advises Petitioner that (a) he has the right to an appeal; (b) if he is unable to pay the costs of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he is unable to afford counsel for the appeal, an attorney will be appointed for him; and (d) with few exceptions, any notice of appeal must be filed within fourteen days of the re-imposition of sentence.

The court GRANTS IN PART AND DENIES IN PART Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [66]; the court DENIED Petitioner's motion for release from custody [74]; the court ADOPTS the Report and Recommendation of Magistrate Judge E. Clayton Scofield III [114]; and REJECTS Petitioner's objections thereto [116].

The court GRANTS Petitioner's § 2255 motion with respect to the request to file an out of time appeal and DENIES WITHOUT PREJUDICE Petitioner's remaining claims.

**IT IS SO ORDERED** this 28th day of September, 2011.

                                            /s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                     SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)